IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-122-TAV-JEM |
| ARKEEVIS RAVON HARRIS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Arkeevis Ravon Harris's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 13], filed on January 24, 2024.

Defendant Harris asks the Court to continue the plea deadline and the February 13, 2024 trial date by approximately ninety days. In support of his motion, Defendant states that "counsel had to unexpectedly travel out of district to attend a personal matter" and that counsel has learned that Defendant is currently hospitalized [Doc. 13 p. 1]. Further "Counsel has not yet been able to complete the investigation into the facts and circumstances of this matter and cannot yet fully advise the Defendant of the best possible resolution for his case" [*Id.*]. Defendant maintains that "[g]ranting a continuance in this case will provide the parties an opportunity to make a full resolution of the case" and "it will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and the Defendant in a speedy trial" [*Id.*]. Finally, the motion reflects that Defendant is aware of his right to a speedy trial and the Government does not oppose the requested continuance.

Based upon the information provided by Defendant Harris in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, considering the information presented in Defendant Harris's motion, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant needs additional time to complete investigation into the facts and circumstances of this matter, advise Defendant, engage in plea negotiations, and prepare for trial if negotiations are not fruitful. All of this cannot be done by the February 13, 2024 trial date.

The Court therefore **GRANTS** Defendant Arkeevis Ravon Harris's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 13**]. The trial of this case is reset to **June 25, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 24, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Arkeevis Ravon Harris's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 13**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 25, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 24, 2024**, and the new trial date of **June 25, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 24, 2024**;

(5) the deadline for filing motions *in limine* is **June 10, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 11, 2024, at 10:00 a.m.**;

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 14, 2024**; and

(8) the Pretrial Order [**Doc. 14**] is **WITHDRAWN**.

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge